UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TREVOR LINNENBURGER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-922-JD-MGG |
| LAPORTE COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Trevor Linnenburger, a prisoner without a lawyer, filed a complaint against three defendants. ECF 1. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In this case, Linnenburger lodges a host of complaints about the conditions at the LaPorte County Jail. ECF 1 at 2-3. First, he states that, when he was initially booked into the jail in August 2020, he was not given a mask and correctional officers were not wearing masks, which was a violation of the prison's Covid-19 rules. *Id*. at 2. Next, he states that, from September 19, 2020, to September 23, 2020, when he was locked in a cell on suicide watch he was forced to wear a "turtle suit" (suicide smock) butt naked.

*Id*. He claims being placed in this situation was not only humiliating but it was also unsanitary because many of the inmates have sexually transmitted diseases. *Id*. He states that, because he was searched while wearing a turtle suit, he felt as if he was being sexually assaulted. *Id*. at 3.

In his complaint, Linnenburger also states that jail officials required inmates to sleep in overcrowded rooms on floors underneath toilets where feces had spilled out of toilets onto the floor. ECF 1 at 3. He also claims that, often times, mental health inmates did not receive proper recreation, including indoor recreation, as required by jail policy. *Id*. Linnenburger further contends that jail staff would rarely respond when inmates asked for help for their medical needs. *Id*. And, according to Linnenburger, Quality Correctional Care, LLC and LaPorte County Jail staff did not use gloves when passing out medication and failed to provide appropriate mental health treatment to inmates. *Id*.

Linnenburger is suing LaPorte County Jail, Quality Correctional Care, LLC, and Deputy Domner alleging he was subjected to harsh and uncomfortable jail conditions. With regard to the LaPorte County Jail, he may not proceed against the jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As to Quality Correctional Care, LLC, Linnenburger has not linked it to any alleged wrongdoing, except as the employer of the jail's medical staff. Section 1983 does not permit respondeat superior liability, which holds an employer liable for the actions of its employees without any wrongdoing on the part of the employer. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 378-79 (7th Cir. 2017). To the extent he is suing Deputy

Domner, he never mentions Deputy Domner in his complaint. Therefore, he cannot proceed against these three defendants.

While Linnenburger's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In his amended complaint, Linnenburger should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Trevor Linnenburger;

(2) GRANTS Trevor Linnenburger until **June 25 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Trevor Linnenburger that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 25, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

3