UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TREVOR LINNENBURGER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-922-JD-MGG |
| DOMNER, et al., | |
| Defendants. | |

OPINION AND ORDER

Trevor Linnenburger, a prisoner without a lawyer, filed an amended complaint that is somewhat vague but that appears to contain unrelated claims. ECF 13.

As with his original complaint, Linnenburger asserts a number of complaints about the conditions at the LaPorte County Jail. He states that, when he was initially booked into the jail in August 2020, Sergeant John Wilcher did not follow the proper Covid-19 pandemic protocol because he was not given a mask and the staff did not wear masks. ECF 13 at 2. He asserts that, because he did not have a mask, Wilcher's staff refused to provide him with medical and dental treatment. *Id*. Linnenburger next states that, from September 19, 2020, to September 23, 2020, when he was locked in a cell on suicide watch, Wilcher's staff placed him in a "turtle suit" (suicide smock) butt naked. *Id*. He asserts that, while he was in the turtle suit, he believes he contracted a sexually transmitted disease because the turtle suit was unsanitary. *Id*. Furthermore, Linnenburger claims that Deputy Domner sexually assaulted him when he searched him while he was wearing the turtle suit. *Id*. at 3.

In his amended complaint, Linnenburger also states that Wilcher requires inmates to sleep in overcrowded rooms, three to a room, on floors underneath toilets where feces has spilled out. ECF 13 at 3. He also claims that Wilcher does not give inmates, who have mental health conditions, appropriate recreation, including indoor recreation, as required by jail policy. *Id.* Additionally, Linnenburger asserts that, in October or November 2020, when he was in excruciating pain in his cell and pushed the call button for help, Wilcher's staff did not respond for hours. *Id.* And when they did respond, he was told he would have to wait for treatment until the next day. *Id.*

Linnenburger's amended complaint is short on facts, dates, and specifics about his claims against Wilcher and Domner. It is unclear that Wilcher was personally involved in many of the complaints Linnenburger raises, and Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). It does not appear that there is any relationship between any misdeeds that Wilcher's was personally involved in and Domner's alleged sexual assault. Linnenburger may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims,

2

the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009). Unless Linnenburger can establish a connection between these seemingly unrelated circumstances, his claims against Wilcher do not belong in the same lawsuit as his claim against Domner.

The court could properly limit this case by picking a claim (or related claims) for Linnenburger because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Linnenburger is unable to select related claims on which to proceed in this case, one of these options may become necessary. Linnenburger needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants.

3

Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Trevor Linnenburger along with three blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) forms and three blank AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis forms;[1]

(2) GRANTS Trevor Linnenburger until **September 30, 2021**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS Trevor Linnenburger if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on August 30, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Should Linnenburger require additional forms, he may contact the Clerk's Office to request them.

4